UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANTONIO M. MARTINEZ, | Case No. 19-cv-05498-LB |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| SCOTT FRAUENHEIM, | Re: ECF No. 1 |
| Respondent. | |

## INTRODUCTION

Antonio M. Martinez, an inmate at the Pleasant Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 3.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition and grants Mr. Martinez's *in forma pauperis* application.

---

[1] Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

**STATEMENT**

Mr. Martinez provides the following information in his petition: After a jury trial in Monterey County Superior Court, Mr. Martinez was convicted of first degree murder and was found to have personally discharged a firearm in the commission of the offense. He was sentenced in 2015 to 50 years to life in prison.

He appealed. The California Court of Appeal affirmed Mr. Martinez's conviction and the California Supreme Court denied his petition for review. He also filed unsuccessful petitions for writ of habeas corpus in the state courts. He then filed this action.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus alleges the following claims. First, Mr. Martinez alleges that he received ineffective assistance of trial counsel in that counsel made the sixteen mistakes described in the petition. (ECF No. 1 at 5-8.) Second, Mr. Martinez alleges that the cumulative effect of the errors at his trial warrants habeas relief. (*Id.* at 8.) Third, he alleges that his right to due process was violated due to the prosecutorial misconduct that consisted of introducing false testimony, suppressing material favorable evidence, and misleading the jury during closing argument. (*Id.* at 9.) Liberally construed, these claims are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2.   The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3.   The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4.   The respondent must file and serve upon the petitioner, on or before **December 20, 2019**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

5.   If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **January 17, 2020.**

6.   The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7.   The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

8.   The petitioner's application to proceed *in forma pauperis* is GRANTED. (ECF No. 4.)

**IT IS SO ORDERED.**

Dated: October 23, 2019

_____
LAUREL BEELER
United States Magistrate Judge