UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO M. MARTINEZ,<br>Petitioner,<br>v.<br>SCOTT FRAUENHEIM,<br>Respondent. | Case No. 19-cv-05498-WHO (PR)<br>**ORDER DISMISSING THREE CLAIMS;**<br>**ORDER SETTING BRIEFING SCHEDULE**<br>Dkt. No. 14 |

## INTRODUCTION

Petitioner Antonio Martinez seeks federal habeas relief from his state convictions. Respondent moves to dismiss Martinez's three claims of prosecutorial misconduct as procedurally defaulted because the state court rejected them as successive. (Dkt. No. 14.)

Respondent is correct: the prosecutorial misconduct claims are procedurally defaulted. The state's successive petition bar is independent and adequate. Martinez has not overcome the bar nor shown that an exception to it applies. Accordingly, respondent's motion is GRANTED and the prosecutorial misconduct claims are DISMISSED.

On or before **December 14, 2020**, respondent shall file an answer regarding the merits of the remaining claims of ineffective assistance of counsel and cumulative error. Martinez's traverse shall be filed within 30 days after the answer is filed.

## BACKGROUND

In 2015, Martinez was convicted in the Monterey County Superior Court of first degree murder. The jury found true a sentencing enhancement for the use of a firearm. A sentence of 50 years to life was imposed. (Pet., Dkt. No. 1 at 1-2; *People v. Martinez*, No. H042444, 2017 WL 3712356, at *1 (Cal. Ct. App. Aug. 29, 2017).)

Martinez's attempts to overturn his convictions in state court were unsuccessful.

1    Martinez then filed the instant federal habeas petition, which contained claims of
2    prosecutorial misconduct, ineffective assistance of counsel, and cumulative error.  (Order
3    to Show Cause, Dkt. No. 5 at 2.)
4         Martinez raised his prosecutorial misconduct claims only on collateral review.
5    He filed several state habeas petitions, but only the two he filed in the state supreme court
6    in February 2019 are relevant here.  On February 8, 2019, he filed a petition in the state
7    supreme court in which he raised claims of ineffective assistance of counsel (Case No.
8    S254011).  (Mot. to Dismiss (MTD), State Supreme Court Petition, Dkt. No. 14-1 at 33.)
9    Also on February 8, 2019, he filed another petition in the state supreme court, this one
10   raising claims of prosecutorial misconduct (Case No. S254013).  (*Id.* at 162.)
11        The state supreme court denied the ineffective assistance petition on July 17, 2019.
12   (*Id.* at 160.)  On that same date, it denied the prosecutorial misconduct petition, which it
13   regarded as a later-filed petition.  The full opinion reads as follows:  "The petition for writ
14   of habeas corpus is denied.  (*See In re Clark* (1993) 5 Cal. 4th 750, 767-769 [courts will
15   not entertain habeas corpus claims that are successive].)."  (*Id.* at 200.)

## DISCUSSION

17        Respondent contends Martinez's prosecutorial misconduct claims are procedurally
18   defaulted owing to the state court's rejection of them as successive under *Clark*.[1]  (MTD,
19   Dkt. No. 14 at 1.)
20   **i.   Procedural Default**
21      **a.   Procedural Default Principles**
22        Federal habeas relief is barred if a claim is procedurally defaulted, that is, if a state
23   denied claims because a petitioner failed to comply with the state's requirements for

---

[1] Martinez's contention that the state court incorrectly determined that his petition was successive must be rejected.  (Opp., Dkt. No. 17 at 2, 3.)  This court cannot review or overturn the state court's determination.  "Federal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules."  *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999); *accord Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A] federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules, even if they are the basis for a procedural default.").

2

presenting claims. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." *Id.* at 729. A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

The state carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). If the state meets this requirement, the burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the state bar rests with the state, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id.*

To overcome a claim of procedural default, petitioner must establish either (1) cause for the default, and prejudice, or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

To show cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McClesky v. Zant*, 499 U.S. 467, 497 (1991).

To show prejudice, a petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing

3

*United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982).

To show a "fundamental miscarriage of justice," a petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. A petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

### b. Application of Procedural Default Principles

The state has met the initial burden of adequately pleading the existence of an independent and adequate state procedural ground as an affirmative defense. It has pointed out that Martinez's petition was denied as successive, with a citation to *In re Clark*, 5 Cal. 4th at 767-69. In *Clark*, the state supreme court held that "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." *Id.* at 767-68 (internal citations omitted). *Clark* emphasized that a petitioner must "present all known claims in a single, timely petition for writ of habeas corpus." *Id.* at 767; *accord In re Morgan*, 50 Cal. 4th 932, 945 (Cal. 2010) ("A corollary of the rule against successive petitions is the rule that all known claims must be brought in a *single*, timely habeas corpus petition.").

Respondent has shown that the *Clark* successive bar is both independent and adequate. It is independent because the state supreme court "explicitly invoke[d] the

4

procedural rule as a separate basis for its decision," *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003), and the application of the bar did not "depend[ ] on a consideration of federal law," *id.* at 1075, federal law having no role in determining whether a state habeas petition is successive, *In re Robbins*, 18 Cal. 4th at 811 (clarifying that *Clark*'s successive bar is independent of federal law).

Although the Ninth Circuit has not yet ruled on whether the *Clark* bar on successive or abusive petitions is adequate, many district court decisions have concluded that it is.[2] *See, e.g., Churich v. Hatton*, No. 18-cv-02943-VC (PR), 2020 WL 978625, at *3 (N.D. Cal. Feb. 28, 2020) (petition barred by *Clark*'s successive petition rule); *Briggs v. State*, No. 15-cv-05809-EMC, 2017 WL 1806495, at *6-7 (N.D. Cal. May 5, 2017) (claims procedurally defaulted because *Clark*'s bar against successive or abusive petitions is adequate and independent); *Flowers v. Foulk*, No. C 14-0589 CW, 2016 WL 4611554, at *4 (N.D. Cal. Sept. 6, 2016) ("California's bar against successive petitions is . . . adequate and independent."); *Rutledge v. Katavich*, No. C 08-5738 MMC (PR), 2012 WL 2054975, at *6-7 (N.D. Cal. Jun. 5, 2012) (dismissing claim as procedurally defaulted because state supreme court rejected petition with a citation to *Clark*'s bar against successive petitions and petitioner failed to overcome procedural bar); *Arroyo v. Curry*, No. C 07-03718 SBA (PR), 2009 WL 723877, at *6 (N.D. Cal. Mar. 18, 2009) ("Respondent has satisfactorily established that California's procedural bar against successive petitions as applied in practice was an adequate state ground for rejecting Petitioner's second habeas petition.").

The burden now shifts to Martinez to place respondent's defense in issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586.

---

[2] In an unpublished case, the Ninth Circuit found that respondent had shown that the *Clark* bar was adequate and independent; that petitioner failed to put the bar's adequacy at issue; and that petitioner's claims were therefore procedurally defaulted. *Du Trieu v. Fox*, 764 Fed. App'x 624, 625 (9th Cir. 2019).

5

The best case Martinez cites is *Dennis v. Brown*, 361 F. Supp. 2d 1124, 1131-35 (N.D. Cal., 2005), in which a petitioner met his burden to place the *Clark* defense in issue. (Opp. to MTD, Dkt. No. 17 at 4-5.) The *Dennis* petitioner had shown inconsistent application of the *Clark* rule from 1993 to 2003, the time during which he had sought state habeas relief.

*Dennis* is insufficient to show inconsistent application of the *Clark* rule. *Dennis* is now 15 years old, and it limited itself to the period of 1993 to 2003. Since then, the state has met its ultimate burden to show that *Clark* is adequate and independent because it has been consistently applied. The Northern District cases cited above, for example, show consistent application and contain explicit holdings that the *Clark* successive bar is adequate and independent.

Once I have determined that Martinez's prosecutorial misconduct claims are procedurally defaulted, he can still overcome default by establishing either (1) cause for the default, and prejudice, or (2) that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

Martinez has not done so. He asserts that cause exists because trial counsel provided ineffective assistance, qualifying as an objective factor external to the defense that impeded his compliance with the state procedural rule. (Opp., Dkt. No. 17 at 6.) There are at least two problems with this assertion. First, it is conclusory. Martinez provides no details of trial counsel's alleged inadequacies. He says only that "his trial counsel provided him [i]neffective [a]ssistance of [c]ounsel." (*Id.*) Such a bare-bones explanation is insufficient to show cause. Second, he was not represented by counsel during his state habeas proceedings. There was no attorney from whom Martinez could have received ineffective assistance. Third, perhaps Martinez is attempting to invoke the procedural default excuse created by *Martinez v. Ryan*, 566 U.S. 1 (2012). In that case, the Court held that "a successful claim of post conviction ineffective assistance of counsel can excuse a procedurally defaulted claim of ineffective assistance of trial counsel." *Hurles v. Ryan*, 914 F.3d 1236, 1237 (9th Cir. 2019). *Martinez* excuses procedural default on

ineffective assistance of trial counsel claims, but not procedural default on other sorts of claims such as the prosecutorial misconduct claims at issue here.

Martinez's contentions regarding prejudice are conclusory and do not show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623. For example, he contends that the "petitioner was denied the ability to argue test [*sic*] the constitutionality and legality of a state action that deprives the petitioner of his freedom from restraint and detention." (Opp. to MTD, Dkt. No. 17 at 6.) He further contends that the prosecutor's alleged misconduct "violated petitioner[']s due process [*sic*] to a fair trial." (*Id.* at 7.) But these arguments lack detail, do not show a fundamental miscarriage of justice, and in no way indicate innocence.

Respondent's motion will be granted and the prosecutorial misconduct claims dismissed.

## CONCLUSION

Respondent's motion to dismiss Martinez's prosecutorial misconduct claims is GRANTED. (Dkt. No. 14.) The prosecutorial claims are DISMISSED.

On or before **December 14, 2020**, respondent shall file an answer regarding the merits of the remaining claims. Martinez's traverse shall be filed within 30 days after the answer is filed.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** September 3, 2020

WILLIAM H. ORRICK
United States District Judge